**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No: 01-538 (SDW) |
| v. | **OPINION** |
| RASHEED HARGROVE, *et al.*, | November 18, 2024 |
| Defendants. | |

**WIGENTON**, District Judge.

    Before this Court is the government's motion for an indicative ruling pursuant to Federal Rule of Criminal Procedure 37 ("Rule 37"). (D.E. 296.) While this matter is currently pending appeal before the Court of Appeals for the Third Circuit, the government requests an indicative ruling on a motion for reconsideration of this Court's Letter Opinion and Order dated August 28, 2024 (D.E. 292 ("Letter Opinion"); D.E. 293) pursuant to Local Civil Rule 7.1 ("Rule 7.1").[1] This Court, having considered the parties' submissions, and for the reasons discussed below, grants the government's motion for an indicative ruling. If the Third Circuit remanded for the purposes of deciding the government's motion for reconsideration, this Court would grant the motion and issue a corrected Opinion and Order as described herein.

---

[1] The relevant provision of Rule 7.1 applies to criminal cases in the District of New Jersey. L. Cr. R. 1.1.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Familiarity with this case is presumed given the various opinions it has engendered. A more detailed summary of the factual and procedural background can be found in this Court's Letter Opinion dated August 28, 2024 (D.E. 292) and two opinions issued by the Third Circuit (D.E. 153-1 (affirming conviction and sentence); D.E. 246-1 (affirming sentence reduction)).

Briefly, Defendant Rasheed Hargrove ("Defendant" or "Mr. Hargrove") was the leader of a gang known as the "Third World Crips." (D.E. 246-1 at 2.) In connection with that role, he trafficked drugs and engaged in undeniably alarming and violent acts affecting residents of a public housing project in Newark, New Jersey. (*Id.*) Following a jury trial, he was convicted of one count of conspiracy to distribute heroin and crack cocaine and two counts of distributing heroin. (*Id.*) He was sentenced to life imprisonment. (*Id.*) Since his sentencing, Defendant has filed various appeals and motions.[2] One has resulted in his favor—his life sentence was reduced to forty years pursuant to Amendment 782 to the U.S. Sentencing Guidelines by Chief Judge Jose L. Linares (ret.) in 2018. (D.E. 236.) The Third Circuit affirmed. (D.E. 246.)

On November 4, 2022, Defendant moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B). (D.E. 271; D.E. 285 (supplementally supporting motion).) This Court denied the motion on August 28, 2024. (D.E. 292.) The Letter Opinion explaining that denial referred to compassionate release, which is a separate form of relief from the one Defendant sought. (*Id.*) The accompanying order also inadvertently misidentified Defendant and the legal provision under which he moved. (D.E. 293.) Defendant appealed the denial of his motion on September 4, 2024.

---

[2] In addition to the motions filed under the instant docket number, Defendant also petitioned for habeas corpus relief under Civil Action No. 04-2992 in the District of New Jersey. That petition was denied by District Judge William G. Bassler (ret.). *Hargrove v. United States*, No. 04-2992 at D.E. 23, 2006 WL 2096078 (D.N.J. July 27, 2006). Defendant's subsequent motions for reconsideration and for a certificate of appealability were denied by District Judge Peter G. Sheridan (ret.). *Id.* at D.E. 47 (May 10, 2010); D.E. 51 (Sept. 9, 2010).

2

(D.E. 294.) On October 15, 2024, the government filed the instant motion for an indicative ruling on a motion for reconsideration. (D.E. 296.) The government identifies and requests correction of errors in the Letter Opinion and accompanying order. (*Id.*) Defendant opposes, arguing that the government's request is procedurally and substantively improper. (D.E. 298.)

## II.     LEGAL STANDARD

A pending appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). Nonetheless,

> [i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a).

The government seeks a statement pursuant to the third option of Rule 37. Specifically, it requests an indicative ruling describing how this Court would rule on a motion for reconsideration of the Letter Opinion and accompanying order. (D.E. 296 at 1.) Rule 7.1 permits a party to move for reconsideration of an order or judgment within fourteen days "after the entry of the order or judgment on the original motion" with a brief that "set[s] forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration may be granted only if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (emphasis

3

omitted) (quoting *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).

### III. DISCUSSION

#### A. Motion for Indicative Ruling

Here, the government's motion for an indicative ruling is granted because of the need to correct a clear error of law. The Letter Opinion and accompanying order addressed compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), when Defendant sought a sentence reduction under 18 U.S.C. § 3582(c)(1)(B). Both provisions empower district courts to reduce a term of imprisonment, but for different reasons—§ 3582(c)(1)(A)(i) does so when warranted by "extraordinary and compelling reasons," and § 3582(c)(1)(B) does so when expressly permitted by statute. *See United States v. Easter*, 975 F.3d 318, 323 (3d Cir. 2020), *abrogated on other grounds by Concepcion v. United States*, 597 U.S. 481 (2022).

Defendant moved under the latter and identified § 404 of the Fair Sentencing Act, "made retroactive by the First Step Act," as the statute permitting the reduction. (D.E. 271 at 3; D.E. 285 at 1.) "First Step Act motions fall under § 3582(c)(1)(B)." *Easter*, 975 F.3d at 323. This Court assessed the motion under the wrong standard, which is a clear error in need of correction for the sake of Defendant's appeal. An indicative ruling is therefore proper under Rule 37.

#### B. Indicative Ruling on Motion for Reconsideration

If the Third Circuit remanded for the purposes of deciding the government's motion for reconsideration, this Court would grant the government's motion.[3] This Court would correct the

---

[3] The government did not file its motion for reconsideration within fourteen days of the relevant order as required by Rule 7.1. A district court may depart from its local procedural rules when "it has a sound rationale for doing so" and "so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 215 (3d Cir. 2000). Because it is the Court's error in need of correction, and Defendant has not relied on the fourteen-day deadline to his detriment, the motion for reconsideration is properly decided on the merits. Enforcing the fourteen-day deadline in this circumstance would needlessly delay resolution of this matter for both parties.

Letter Opinion and accompanying Order as to Defendant's name and references to compassionate release and § 3582(c)(1)(A) consistent with this opinion. It would also correct the Letter Opinion's "APPLICABLE LAW" and "DISCUSSION" sections as follows.

The First Step Act permits reductions of sentences for "covered offenses." *United States v. Brow*, 62 F. 4th 114, 120 (3d Cir. 2023). Courts assessing First Step Act motions "must 'consider nonfrivolous arguments presented by the parties,'" including those related to the 18 U.S.C. § 3553(a) factors, "intervening changes [in the law,] … postsentencing rehabilitation[,] and unrelated Guidelines amendments." *United States v. Shields*, 48 F.4th 183, 191 (3d Cir. 2022) (quoting *Concepcion*, 597 U.S. at 487, 498). Whether to reduce the sentence falls squarely within the district court's discretion; "the First Step Act does not compel courts … to reduce any sentence." *Concepcion*, 597 U.S. at 487.

There is no dispute that Mr. Hargrove was convicted of a covered offense under the First Step Act. (D.E. 285 at 5; D.E. 288 at 12.) His arguments for a reduced sentence are all based on the 18 U.S.C. § 3553(a) factors.

First, he relies on "the nature and circumstances of the offense" and his "history and characteristics." 18 U.S.C. § 3553(a)(1). Defendant acknowledges the "serious and disturbing" nature of his offenses. (D.E. 285 at 6.) He nonetheless argues that his history and characteristics— including his difficult childhood, his youth both when he first became involved with the gang and when he committed the offenses, his continued closeness with his family, and the educational opportunities he has seized during his sentence so far—warrant a sentence reduction. (D.E. 285 at 6–10.) Defendant's history also includes numerous disciplinary infractions since his imprisonment, including possession of dangerous weapons and assaults. (D.E. 288-1; *see* D.E. 246-1 at 4 (referring to Defendant's "repeated, often violent misconduct in prison").)

5

Defendant made the same arguments regarding his history and characteristics when he sought, and was granted, a sentence reduction under Amendment 782. (*See* D.E. 231 at 12–18.) He also highlighted them on appeal (Appellant's Br., *United States v. Hargrove*, No. 18-2891, 2019 WL 103819, at *21–22, *26–28 (3d Cir. Jan. 2, 2019)), wherein the Third Circuit concluded that Chief Judge Linares adequately considered all of the appropriate factors (D.E. 246-1 at 4). Aside from the fact that he has continued to take classes since then, nothing about Defendant's history and characteristics has changed since his first sentence reduction. Because Defendant's history and characteristics were accurately accounted for at his first sentence reduction, repeating those arguments here does not support a further reduction. *See United States v. Thomas*, Nos. 21-1645 & 21-2105, 2022 WL 296594, at *2 (3d Cir. Feb. 1, 2022) (finding it "within the Court's discretion when weighing the § 3553(a) factors to find that [defendant's] mental health concerns do not support an early release, especially because it already considered the same concerns when it initially sentenced [defendant]").[4] The continued classes in prison alone are also insufficient, especially considering the troubling nature of the underlying offenses and Mr. Hargrove's prison disciplinary record, to warrant a further reduction.

Next, Defendant argues that further reducing his sentence would serve the purposes of sentencing because the time he has already served, including fifteen years during which he had no prospect of release, has been punitive enough. (D.E. 285 at 11–13.) He relies on the grim reality of prison life, exacerbated by the pandemic, and argues that a reduced sentence is "more consistent with his offense of conviction" than what he is serving. (*Id.* at 12–13.) He insists that he has been rehabilitated as much as possible and points to the decreased frequency of his disciplinary

---

[4] Although *Thomas* was a compassionate release matter, the principle it is cited for—that courts may consider whether facts have already been taken into account when deciding whether to reduce a sentence—applies here.

infractions. (*Id.* at 16–17.) Finally, he argues that a further reduction would actually promote respect for the law given the government's effort to reduce unfairly disproportionate sentences for crack cocaine. (*Id.* at 14.)

Defendant was indeed originally sentenced under mandatory guidelines which were particularly harsh on those convicted of offenses involving crack cocaine. (D.E. 246-1 at 2.) Since then, he has already once been resentenced consistent with the overall sentencing reform he urges the Court to rely on. (D.E. 236.) The fact that he has already received one reduction under a different statutory provision does not disqualify him from receiving this one, but he offers no convincing arguments that his situation merits a further reduction.

The argument that a lower sentence is more consistent with his offenses, for example, is unfounded. Defendant faced a range of thirty years to life when he was resentenced by Chief Judge Linares, and he faces the same range now. His current sentence of forty years falls within that range, and it was imposed following adequate consideration of the record and the § 3553(a) factors. (D.E. 246-1 at 4.) Similarly, Defendant does not indicate that he uniquely suffered from the pandemic, or the grim reality of prison life, as compared to the rest of the prison population. While not dispositive, it should be noted that a codefendant in this matter relied on the pandemic's general effects in a similar motion for relief under the First Step Act. (D.E. 260 at 5 (explaining that pandemic restricted social visits and BOP programs).) The district court denied the sentence reduction (D.E. 265), and the Third Circuit affirmed (D.E. 270).

Defendant's disciplinary record in prison also remains troubling despite the diminished frequency of infractions. Like Mr. Hargrove, the codefendant mentioned above highlighted that he "ha[d] not incurred a disciplinary infraction in almost 7 years" and had been transferred to a lower-security institution than the one in which he began his sentence. (D.E. 260 at 3.) In view

of violent and drug-related offenses on his prison disciplinary record, however, the district court still declined to reduce his sentence. (D.E. 265 at 6–7; D.E. 270 (affirming).) *See also United States v. Moscoso*, No. 20-2814, 2022 WL 485184, at *2 n.2 (3d Cir. Feb. 17, 2022) (affirming decision not to reduce sentence when defendant's "'overall disciplinary record' indicate[d] his 'penchant for violence'" despite absence of "any violent infractions since 2015").

Finally, this Court must also consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Such a defendant is not difficult to find in this case. Mr. Hargrove was tried with the codefendant mentioned above, and the two were convicted of much of the same conduct. (D.E. 153-1 at 3–4.) The codefendant, however, was charged with and convicted of one fewer count than was Mr. Hargrove. (*Id.* at 4.) At trial, a witness identified Mr. Hargrove as the gang's singular leader, someone else as "second-in-command," and the codefendant as "influential." (*Id.* at 5.) Nonetheless, the codefendant is currently serving a sentence of 480 months, the same as Mr. Hargrove. (D.E. 227; D.E. 240 (affirming 480-month sentence).) Reducing Mr. Hargrove's sentence to one lesser than his codefendant, when Mr. Hargrove was convicted of an additional count and held a higher leadership role, would create an unwarranted sentence disparity.

In sum, the § 3553(a) factors do not warrant a sentence reduction in this case. Mr. Hargrove has already been resentenced once, and this Court is satisfied that the § 3553(a) factors were adequately considered then. Nothing that has occurred since that time supports a further reduction, especially in light of the serious underlying offenses, Defendant's disciplinary record in prison, and the sentence of a similarly situated codefendant.

### IV.    CONCLUSION

For the reasons set forth above, if the Third Circuit were to remand this matter for purposes of this Court addressing the government's motion for reconsideration, this Court would **GRANT** the motion and revise the Letter Opinion and accompanying order as described herein.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties